■ In the Matter of the Claim of CYNTHIA MURRAY, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [631 NYS2d 90] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 20, 1994, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On its own motion, the Board reopened claimant's case to consider whether there had been compliance with the procedural requirements set forth in the consent judgment in *Municipal Labor Comm. v Sitkin* (79 Civ 5899, 1983 WL 44294). After reviewing the record, the Board found no substantial procedural violations. Consequently, it adhered to its prior decision ruling that claimant's failure to promptly call her employer when unable to report to work due to illness constituted misconduct disqualifying her from benefits. Upon review of the record, we concur with the Board's finding that there were no procedural violations. Furthermore, we reject claimant's assertion that she was denied due process at the hearing. Lastly, we need not reach the merits of claimant's case inasmuch as the Board's review was limited to consideration of potential procedural violations.

Cardona, P. J., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.